UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFERSON W. JOHNSON,

    Plaintiff,

v.                                                 Case No: 6:13-cv-1315-Orl-22TBS

STATE OF FLORIDA and ORANGE
COUNTY,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff's motion to proceed *in forma pauperis* and his complaint for alleged civil rights violations against Orange County and the state of Florida. For the reasons that follow, I respectfully recommend that the Court dismiss Plaintiff's complaint with prejudice.

### I. Background

Plaintiff's 80 page complaint (4 typed pages and 76 pages of attachments and exhibits) is scattered, indecipherable in parts, and ultimately incomprehensible. Bits and pieces I can glean from his complaint include the following:

It appears that in 2005, Plaintiff was arrested and charged with felony domestic violence. He was the subject of a preliminary and final injunction to prevent domestic violence, and he was also arrested and charged with violating an injunction against domestic violence.

Plaintiff was arrested in 2005 and charged with the second degree felony crime of throwing a deadly missile at, within, or into a building; third degree felony criminal mischief; and misdemeanor stalking.

The Public Defender was appointed to represent Plaintiff in one or more of these cases, and it does not appear that he is happy with his representation. Some of the charges against Plaintiff were dismissed by the State while the disposition of others is unknown.

In 2008, Plaintiff was the subject of a writ of attachment issued by the Orange County, Florida Collections Court based upon his alleged failure to pay court costs, and he was also charged with a traffic infraction.

He appears to claim that his due process rights were violated but it is not clear how. He alleges a May 2, 2005 bond hearing at which he says he had no meaningful opportunity for pre-trial release, but he does not provide any particulars. It also appears that he was incarcerated for an unknown length of time during which he alleges he had no meaningful opportunity for pretrial release, but again, he fails to allege any particulars.

Plaintiff says he was arrested on September 14, 2007 on a warrant, and his driving privilege may (it is not clear) have been suspended for failing to pay unidentified financial court obligations.

He references, without supporting factual allegations, false arrest, illegal detention, malicious prosecution, inadequate assistance of counsel, legal malpractice, denial of a prompt first appearance, physical presence in front of a judge, and that he was the victim of domestic violence.

Plaintiff alleges that he was deprived of freedom of speech, freedom from summary punishment, multiple prosecutions and multiple arrests. He says he was also deprived of freedom from physical and verbal abuse, implied or actual coercion, unreasonable search and seizure, due process of law and equal protection of law.

As damages, he claims the loss of virtually all of his property and also loss of consortium and the ability to reconcile with the victim in one or more of these cases.

Plaintiff does not aver his allegations in chronological order; there is no statement of facts; he has not listed separate causes of action or elements of a cause of action; and he includes legal argument in his complaint.

On September 10, 2013, the Court issued an Order denying without prejudice Plaintiff's motion for leave to proceed *in forma pauperis* and granting him leave to file an amended complaint. (Doc. 3). The Court noted that Plaintiff's complaint suffered from multiple deficiencies, and advised him that his amended complaint should provide a short and plain statement of the basis of the Court's jurisdiction, his entitlement to relief, and a demand for relief in accordance with Federal Rule of Civil Procedure 8(a). He was instructed to list his allegations in numbered paragraphs in accordance with Rule 10.

The Court noted that a county is not a person acting under color of state law unless the action of the county rises to the level of a custom or official policy, or the county tacitly authorizes or displays deliberate indifference towards the misconduct. (Id. (citing Aldinger v. Howard, 427 U.S. 1 (1976); Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987). It also explained that the state is not a "person" and that Florida is immune from suit on a § 1983 claim. Because Plaintff alleges multiple claims arising from separate incidents, the Court told him unrelated claims should be filed in separate complaints. Finally, the Court told Plaintiff that he should not include legal argument in his amended complaint.

The Court gave Plaintiff twenty-one days (until October 1, 2013) in which to file his amended complaint. On October 1, 2013, Plaintiff filed a motion for an extension of 74-84 days. (Doc. 4). His motion was accompanied by a separate memorandum of law.

(Doc. 5). Both the motion and supporting memorandum are disorganized and unintelligible. The Court found that Plaintiff had not shown good cause to extend time, but granted the motion in part and gave Plaintiff fifteen days from the date of issuance of the Order to file an amended complaint. (Doc. 6). The Court warned Plaintiff that if he did not "file his amended complaint on or before Friday, October 18, 2013, the undersigned intends to submit a report and recommendation to the district judge recommending that this case be dismissed with prejudice." October 18, 2013 has come and gone, and Plaintiff has not filed his amended complaint.

## II. Analysis

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. See id. A claim will be considered frivolous only if it is "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324

(1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See Id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." Although district courts must apply a "less stringent standard" to pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's complaint does not satisfy the minimum pleading requirements of Rule 8(a). Although it is collected into numbered paragraphs, it is not organized into counts, and it contains disorganized statements and sentence fragments which do not provide a cohesive, intelligible statement of facts.

"To state a claim for relief in an action brought under § 1983 [Plaintiff[ must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Inc. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed. 2d 130 (1999). Under § 1983, a "person" acting under color of state law must have deprived the plaintiff of a federal right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed. 420 (1981). A county does not constitute a "person" unless the actions of the county rise to the level of a custom or official policy, or unless the county tacitly authorizes or

display deliberate indifference towards the alleged misconduct. Aldinger v. Howard, 427 U.S. 1 (1976); Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987). Plaintiff has not alleged that Orange County's actions rise to the level of a custom or official policy, nor does he allege that Orange County tacitly authorized or displayed deliberate indifference towards the conduct about which he complains. Accordingly, Plaintiff did not state a claim against Orange County, and his allegations against it are due to be dismissed.

A state is also not a considered a "person" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). The Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. Alabama v. Pugh, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed. 2d 1114 (1978). Exceptions occur if the state has waived its immunity or if Congress has abrogated its immunity. Virginia Office for Prot. and Advocacy v. Stewart, 131 S.Ct. 1632, 1637-38 (2011). Florida has not waived its sovereign immunity and consented to suit in federal court under § 1983. Gabble v. Florida Dept. of Health and Rehab. Servs., 779 F.2d 1509, 1520 (11th Cir. 1986). Nor has Congress abrogated any state's Eleventh Amendment immunity in § 1983. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Thus, Florida is immune from suit on a § 1983 claim.

### III.  Recommendation

Plaintiff did not amend his complaint to cure the deficiencies iterated in the Court's September 10, 2013 Order; he has failed to state a claim against Orange County; and Florida is immune from suit. Therefore, I respectfully recommend the Court **DISMISS** Plaintiff's complaint with prejudice and **DIRECT** the clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 24, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Plaintiff, pro se
    Any Counsel of Record