UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFERSON W. JOHNSON,

      Plaintiff,

v.                                  Case No:   6:13-cv-1315-Orl-22TBS

STATE OF FLORIDA and ORANGE
COUNTY,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Plaintiff's motion to appeal in forma pauperis.   For the reasons that follow, I respectfully recommend that the Court deny Plaintiff's motion.

      I.    **Background**

 Plaintiff filed an 80 page complaint (4 typed pages and 76 pages of attachments and exhibits).   His complaint was scattered, indecipherable in parts, and ultimately incomprehensible.  Bits and pieces I could glean from Plaintiff's complaint included the following:

      It appears that in 2005, Plaintiff was arrested and charged with felony domestic violence.  He was the subject of a preliminary and final injunction to prevent domestic violence, and he was also arrested and charged with violating an injunction against domestic violence.

      Plaintiff was also arrested in 2005 and charged with the second degree felony crime of throwing a deadly missile at, within, or into a building; third degree felony criminal mischief; and misdemeanor stalking.

The Public Defender was appointed to represent Plaintiff in one or more of these cases.   It appears he is dissatisfied with the representation provided by the Public Defender.  Some of the charges against Plaintiff were dismissed by the State while the disposition of others is unknown.

In 2008, Plaintiff was the subject of a writ of attachment issued by the Orange County, Florida Collections Court based upon his alleged failure to pay court costs, and he was also charged with a traffic infraction.

He appears to claim that his due process rights were violated but it is not clear how.  He alleges a May 2, 2005 bond hearing at which he says he had no meaningful opportunity for pre-trial release, but he does not provide any particulars.  It also appears that he was incarcerated for an unknown length of time during which he alleges he had no  meaningful opportunity for pretrial release, but again, he fails to allege any particulars.

Plaintiff says he was arrested on September 14, 2007 on a warrant, and his driving  privilege may (it is not clear) have been suspended for failing to pay unidentified court obligations.

He references, without supporting factual allegations, false arrest, illegal detention, malicious prosecution, inadequate assistance of counsel, legal malpractice, denial of a  prompt first appearance, physical presence in front of a judge, and that he was the victim of domestic violence.

Plaintiff alleges that he was deprived of freedom of speech, freedom from summary punishment, multiple prosecutions and multiple arrests.  He says he was also  deprived of freedom from physical and verbal abuse, implied or actual coercion, unreasonable search and seizure, due process of law and equal protection of law.

As damages, Plaintiff claimed the loss of virtually all of his property and also loss of consortium and the ability to reconcile with the victim in one or more of these cases. Plaintiff did not set forth his allegations in chronological order; there was no statement of facts; he failed to list separate causes of action or elements of a cause of action; and he included legal argument in his complaint.

On September 10, 2013, the Court issued an Order denying without prejudice Plaintiff's motion for leave to proceed *in forma pauperis* and granted him leave to file an amended complaint. (Doc. 3). The Court noted that Plaintiff's complaint suffered from multiple deficiencies, and advised him that his amended complaint should provide a short and plain statement of the basis of the Court's jurisdiction, his entitlement to relief, and a demand for relief in accordance with Federal Rule of Civil Procedure 8(a). He was instructed to list his allegations in numbered paragraphs in accordance with Rule 10.

The Court also noted that a county is not a person acting under color of state law unless the action of the county rises to the level of a custom or official policy, or the county tacitly authorizes or displays deliberate indifference towards the misconduct. (Id.). (citing Aldinger v. Howard, 427 U.S. 1 (1976); Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987). It also explained that the state is not a "person" and that Florida is immune from suit on a § 1983 claim. Because Plaintiff alleged multiple claims arising from separate incidents, the Court told him unrelated claims should be filed in separate complaints. Finally, the Court told Plaintiff that he should not include legal argument in his amended complaint.

The Court gave Plaintiff twenty-one days (until October 1, 2013) in which to file his amended complaint. On October 1, 2013, Plaintiff filed a motion for an extension of 74-84 days. (Doc. 4). His motion was accompanied by a separate memorandum of law. (Doc. 5). Both the motion and supporting memorandum were disorganized and unintelligible. The Court found that Plaintiff had not shown good cause to extend time, but granted the motion in part and gave Plaintiff fifteen days from the date of issuance of the Order to file an amended complaint. (Doc. 6). The Court warned Plaintiff that if he did not "file his amended complaint on or before Friday, October 18, 2013, the undersigned intends to submit a report and recommendation to the district judge recommending that this case be dismissed with prejudice." October 18, 2013 came and went, and Plaintiff never filed his amended complaint. On October 24, 2014, I filed a report recommending the Court dismiss Plaintiff's claims with prejudice. (Doc. 7). Plaintiff did not file an objection to the report, and on November 15, 2013, the Court adopted my recommendations and dismissed Plaintiff's action with prejudice. (Doc. 8). Ten days later, Plaintiff filed a motion for rehearing stating that he had not received the report and recommendations in the mail and asking for an extension of time to file objections. (Doc. 9). The Court denied Plaintiff's motion, finding that he had failed to show good cause and had consistently failed to comply with Court deadlines. (Doc. 10). Plaintiff filed a motion to strike his first motion for rehearing due to clerical error and filed a second motion for rehearing. (Doc. 12). The Court denied the motion as moot. (Doc. 13). One month later, Plaintiff filed his notice of appeal. (Doc. 14). He now seeks to appeal the Court's decision *in forma pauperis*.

## II.   Analysis

An individual may be allowed to proceed *in forma pauperis* if he declares in an

affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. §

1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the

Court is obligated to review the complaint to determine whether it is frivolous, malicious,

"fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief

against a defendant who is immune from such relief."  Id. § 1915(e)(2).   If the complaint

is deficient, the Court is required to dismiss the suit *sua sponte*.   See id.   A claim will be

considered frivolous only if it is "without arguable merit."   Sun v. Forrester, 939 F.2d 924,

925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting Harris v. Menendez, 817

F.2d 737, 739 (11th Cir. 1987)).   "A lawsuit is frivolous if the plaintiff's realistic chances of

ultimate success are slight."   Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639

(11th Cir. 1990).

Section 1915(a)(3) states that "[a]n appeal may not be taken *in forma pauperis* if

the trial court certifies in writing that it is not taken in good faith."   The law "is designed

largely to discourage the filing of, and waste of judicial and private resources upon,

baseless lawsuits that paying litigants generally do not initiate because of the costs of

bringing suit and because of the threat of sanctions for bringing vexatious suits under

Federal Rule of Civil Procedure 11."   Neitzke v. Williams, 490 U.S. 319, 327 (1989).

An appellant satisfies the requirement that his appeal be taken in good faith when

he asks the appellate court to review an issue that is not frivolous.   Howard v. King, 707

F.2d 215, 220-21 (5th Cir. 1983).   "The inquiry is limited to whether the appeal involves

'legal points arguable on their merits (and therefore not frivolous).'" Id. at 220 (quoting

Anders v. California, 386 U.S. 738 (1967); Woodall v. Foti, 648 F.2d 268, 271 (5th Cir.

1982)).

A lawsuit is frivolous if "'the plaintiff's realistic chances of ultimate success are slight.'" Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (quoting Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987) (quoting Jones v. Bales, 58 F.R.D. 453, 464 (N.D.Ga.1972), aff'd adopting district court opinion, 480 F.2d 805 (5th Cir.1973))). This standard, well established in this Circuit, is consistent with the Supreme Court's ruling in Neitzke, in which the Court said that a frivolous complaint is one that lacks an arguable basis in law or fact. "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." Menendez, 817 F.2d at 740 n. 5 (citation omitted).

Plaintiff's issues for appeal are:

> Dismissal of the case w/prejudice and seeking review of this decision for the following reasons: on 10/3/13 Magistrate Judge Thomas B. Smith filed an Order, entered 10/4 (doc. NO. 6) granting partial extension of time and on 10/24/13 filed Report and Recommendations which were subsequently adopted by Chief Judge Anne Conway on 11/15/13, including the recommendation of dismissal w/prejudice.   Appellant (Plaintiff) received no copy of any of these decisions, only notice of case closure on 11/15/2013.   Appellant cites Title 28 sec. 636(b)(1)(c) wherein it states that a copy shall be mailed to all parties and Fed. R. Civ. P. 5(b)(3) which reads: "Service by electronic means under rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served."   Appellant (Plaintiff) is seeking DeNovo review upon Appeal.   Appellant is asking that his motion to file Amended Complaint out of time (Doc. 4) be also construed as a motion to add defendants in his re-filed complaint since he has specifically mentioned Fed. Rule of Court 15(c)(1)(A) therein and Rule 4(m) calls for dismissal without prejudice after 120 days without service.

To the extent Plaintiff is appealing the dismissal of this case with prejudice, his appeal is frivolous because his complaint is incomprehensible and he failed to take advantage of the opportunity the Court gave him to amend.

To the extent Plaintiff is appealing the Court's decision to deny his "motion for rehearing/review on extension of time," his claim is also frivolous.   The Court previously found that Plaintiff had not shown good cause for an extension of time and that he had consistently failed to comply with the Court's deadlines (Doc .10).

Plaintiff complains that he did not receive copies of Reports and Recommendations or Orders.   Plaintiff's address of record is: 2612 Cleburne Rd., Orlando, FL 32817.   The docket shows that the clerk mailed every report and order in this case to Plaintiff's address of record, and no mail was returned as undeliverable. (Docket).   At least three of Plaintiff's motions and Plaintiff's notice of appeal contain a different address: 1100 Palma Dr., Orlando, FL 32805.   (Docs. 4, 9, 12, 14).   Plaintiff never informed the Court that his address had changed.   It is Plaintiff's responsibility to notify the Court of a change of address.   See Weston v. St. Petersburg Police Dept., No. 8:09-cv-495-T-27TBM, 2010 WL 3154096 *1 n.4 (M.D. Fla. Aug. 9, 2010).   To further confuse matters, Plaintiff's motion for leave to appeal in forma pauperis includes the 2612 Cleburne Rd. address.   Therefore, it appears the Clerk mailed copies of all papers to Plaintiff at his correct address, or that Plaintiff failed in his responsibility to keep the Court apprised of any change in his address.   Under either scenario, this appeal is frivolous.

III.   Recommendation

In view of the foregoing, it is respectfully **RECOMMENDED** that the Court enter its Order decreeing that:

(1) An appeal by Plaintiff would not be taken in good faith pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3).

(2) Plaintiff is not entitled to appeal as a pauper and shall pay the appellate filing fee as required by 28 U.S.C. § 1915(a).

(3) Plaintiff's motion is **DENIED**.

(4) That this Report and Recommendation be mailed to Plaintiff at both addresses he has used in his papers.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff, pro se

- 8 -